# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; et al., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>R & W Clark Construction, Inc., an Illinois Corporation, )<br>)<br>Defendant. ) | Case No. 17-cv-5815<br><br>Judge: Martha M. Pacold |

## MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund (collectively "Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), hereby move, pursuant to Rule 54(b), for entry of final judgment on this Court's October 16, 2019 Order awarding Plaintiffs' attorneys' fees in the amount of $13,187.50 against R & W Clark Construction, Inc. ("R & W Clark"). In support of this Motion, Plaintiffs state as follows:

1. On August 21, 2019, this Court entered an Order granting Plaintiffs' Motion for Rule 37 Sanctions against R & W Clark (ECF Doc. #63, Page ID #697). Specifically, as a sanction for R & W Clark's continuous refusal to provide adequate responses or to produce documents related to the amounts owed to Plaintiffs which were uncovered by Plaintiffs' audit of R & W Clark for the 2016 calendar year, this Court:

a) directed the matter of all disputed amounts to which R & W Clark has refused to provide interrogatory responses or documents to be taken as established for purposes of contributions owed to Plaintiffs;

b) prohibited R & W Clark from supporting or opposing claims or defenses, or from introducing matters in evidence regarding the disputed amounts to which R & W Clark has refused to provide interrogatory responses or documents;

c) ordered R & W Clark to pay Plaintiffs' costs and attorneys' fees incurred when filing and litigating its Motion for Sanctions, and to begin the process set forth in Local Rule 54.3 on the effective date of the Order.

2. On September 11, 2019, pursuant to Local Rule 54.3(d), Plaintiffs provided to R & W Clark a copy of the time and work records for Plaintiffs' attorneys related to the Motion for Sanctions. The grand total of the attorneys' fees claimed by Plaintiffs was $13,187.50.

3. On October 2, 2019, R & W Clark responded to Plaintiffs' submission of time and work records and proof of hourly rates. R & W Clark stated that it had no objections to the fee amounts claimed by Plaintiffs and stated that it was not waiving any issues on appeal.

4. On October 16, 2019, this Court granted Plaintiffs' Motion for Attorneys' Fees and enter an Order compelling R & W Clark to pay Plaintiffs' attorneys' fees in the amount of $13,187.50. There are no remaining disputes or issues related to this Court's award of Plaintiffs' attorneys' fees resulting from this Court Sanction's Order against R &W Clark.

5. Plaintiffs respectfully request that the Court enter its October 16, 2019 Order granting attorneys' fees as a Judgment under Rule 54(b). Fed. R. Civ. P. 54(b) authorizes the district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or

parties only if the court expressly determines that there is no just reason for delay." *See Peerless Network, Inc. v. MCI Communications Services, Inc.*, 917 F.3d 538, 543 (7th Cir. 2019).

6. First, to determine if an order is truly final under Rule 54(b), a court should consider the degree of factual overlap with remaining claims. *Peerless Network, Inc.*, 917 F.3d at 543. Even when multiple claims arise from the same facts, partial judgment can still be appropriate when the claims are based on "entirely different legal entitlements yielding separate recoveries." *Id*. Here, the order granting attorneys' fees is entirely independent from the remaining claims. The fees were awarded as a result of R & W Clark's refusal to comply with this Court's order granting Plaintiffs' Motion to Compel. The issue of whether fees should have been awarded for R & W Clark's refusal to comply with this Court's discovery Order has nothing to do with any eventual liability for failing to pay contributions to the Funds and CRF or failing to remit dues to Local 150. The legal and factual theories are separate in this case, and the award of fees is appropriate whether or not Plaintiffs prevail on the underlying claims. Accordingly, the Order awarding fees is final under Rule 54(b).

7. Second, there is no just reason for delay in entering partial final judgment on the Order awarding fees. "A district court has the power to award fees before the entry of a final judgment, and this must mean—since the whole purpose of such an award is to enable the plaintiffs and their lawyers to see some cash before the entire litigation winds up—a power to order payment in advance of the final judgment." *Palmer v. City of Chicago*, 806 F.2d 1316, 1320 (7th Cir. 1986) (internal citation omitted). To this point, it would be unjust to delay judgment on the award of fees related to the sanctions Order, which would serve to delay Plaintiffs' collection efforts on the fee award. This is particularly true, whereas in this case, Plaintiffs have a legitimate concern about the long-term, and even short-term chances that R & W Clark will be in business at the conclusion

of this case, or have the ability to pay the ultimate judgment when the case is concluded. Accordingly, there is no just reason for delay in entering partial final judgment on the Order awarding fees.

WHEREFORE, pursuant to Rule 54(b), Plaintiffs respectfully request that this Court enter partial final judgment on this Court's October 16, 2019 Order awarding Plaintiffs' attorneys' fees in the amount of $13,187.50 against R & W Clark Construction, Inc.

Dated: November 14, 2019

Respectfully submitted,

By: /s/Robert A. Paszta
One of the Attorneys for Plaintiffs

| Attorneys for Plaintiff IUOE, Local 150 | Attorneys for Plaintiff Funds and CRF |
|---|---|
| Dale D. Pierson *(dpierson@local150.org)* <br> Steven A. Davidson *(sdavidson@local150.org)* <br> Robert A. Paszta *(rpaszta@local150.org)* <br> Local 150 Legal Department <br> 6140 Joliet Road <br> Countryside, IL  60525 <br> Ph. (708) 579-6663 <br> Fx. (708) 588-1647 | Steven A. Davidson *(sdavidson@local150.org)* <br> Robert A. Paszta *(rpaszta@local150.org)* <br> Institute for Worker Welfare, P.C. <br> 6140 Joliet Road <br> Countryside, IL  60525 <br> Ph. (708) 579-6657 <br> Fx. (708) 588-1647 |

# CERTIFICATE OF SERVICE

      The undersigned, an attorney of record, hereby certifies that on November 14, 2019, he electronically filed the foregoing with the Clerk of Court using the CM/CM/ECF system, which sent notification to the following:

Paul M. Bauch
*(pbauch@bauch-michaels.com; pbauch@lakelaw.com)*
Kenneth A. Michaels, Jr.
*(kmichaels@bauch-michaels.com; kmichaels@lakelaw.com)*
Carolina Y. Sales
*(csales@bauch-michaels.com; csales@lakelaw.com)*
Lakelaw
53 West Jackson Boulevard, Suite 1115
Chicago, IL 60604

                                             By:    /s/Robert A. Paszta
                                                          One of the Attorneys for Plaintiffs

| Attorneys for Plaintiff IUOE, Local 150 | Attorneys for Plaintiff Funds and CRF |
|---|---|
| Dale D. Pierson *(dpierson@local150.org)* | Steven A. Davidson *(sdavidson@local150.org)* |
| Steven A. Davidson *(sdavidson@local150.org)* | Robert A. Paszta *(rpaszta@local150.org)* |
| Robert A. Paszta *(rpaszta@local150.org)* | Institute for Worker Welfare, P.C. |
| Local 150 Legal Department | 6140 Joliet Road |
| 6140 Joliet Road | Countryside, IL 60525 |
| Countryside, IL 60525 | Ph. (708) 579-6657 |
| Ph. (708) 579-6663 | Fx. (708) 588-1647 |
| Fx. (708) 588-1647 | |